# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ANGELA RICHARDSON,

        Plaintiff(s),

v.

STATE FARM FIRE & CASUALTY COMPANY,

        Defendant(s).

2:14-CV-566 JCM (VCF)

**ORDER**

Presently before the court is defendant State Farm Fire and Casualty Company's (hereinafter "defendant") motion to dismiss claims two, four, and five of plaintiff Angela Richardson's (hereinafter "plaintiff") complaint. (Doc. # 4). The plaintiff filed an opposition in response, (doc. # 9), and the defendant replied, (doc. # 12).

I.    Background

The case arises out of a car accident in which the plaintiff was allegedly rear-ended and suffered injuries. The injuries were in excess of the tortfeasor's insurance coverage and the plaintiff filed a claim with her insurance company, the defendant, to recover under her under-insured motorist (UIM) coverage. The plaintiff alleges the defendant improperly withheld UIM benefits and thereby breached duties created by common law, the Nevada Revised Statutes (NRS), and the Nevada Administrative Code (NAC). Specifically, the plaintiff puts forward claims of: (1) breach of contract; (2) breach of "special and fiduciary-like" duties; (3) breach of the covenant of good faith and fair

**James C. Mahan**
**U.S. District Judge**

1  dealing; (4) negligence; and (5) negligence per se.

2  II.     Legal Standard

3  A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 1949.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 1949.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id.* (internal quotations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, "First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action,

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  but must contain sufficient allegations of underlying facts to give fair notice and to enable the
2  opposing party to defend itself effectively. Second, the factual allegations that are taken as true must
3  plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to
4  be subjected to the expense of discovery and continued litigation." *Id.*

III.   Discussion

A.   Breach of "fiduciary-like duty"

Nevada law does not recognize a claim for breach of fiduciary duty in the context of insurance. *Powers v. United Services Automobile Ass'n*, 115 Nev. 38, 42 (1999) (concluding duty insurers owe to policy holders is "akin to a fiduciary relationship . . . [but] does not equate to creation of new cause of action"). The Nevada Supreme Court has unequivocally stated that although a special, "fiduciary-like" duty exists between the insurer and the insured, that it is part of the duty of good faith and fair dealing. *Powers v. United Services Automobile Ass'n*, 114 Nev. 690 (1998) ("We are not adopting a new cause of action based on an insurance company's failure to put its insured's interests above its own; we are merely recognizing that breach of the fiduciary nature of the insurer-insured relationship is part of the duty of good faith and fair dealing."). Therefore the plaintiff's second claim is duplicative of the claim for breach of good faith (claim three). Because this cause of action does not exist under Nevada law, the defect cannot be cured and the claim is dismissed with prejudice.

B.   Claims under NAC

The NAC provides no private right of action for insureds against their insurance companies. However, NRS section 686A.310 provides that "[i]n addition to any rights or remedies available to the Commissioner, an insurer is liable to its insured for any damages sustained by the insured as a result of the commission of any act set forth . . . [as] an unfair practice." Nev. Rev. Stat. § 686A.310. Therefore the NRS, rather than the NAC, provides a cause of action for unfair insurance practices. The plaintiff's claim for negligence under the NAC is therefore dismissed with prejudice as no amendment may cure this defect.

. . .

**James C. Mahan**
**U.S. District Judge**

- 3 -

      C.     Negligence and negligence per se claims

The court will also dismiss the plaintiff's negligence per se claim. Although sometimes pled as such, negligence per se is not a separate cause of action, but a doctrine in which the duty and breach elements of a negligence claim are assumed as a matter of law. *Insco v. Aetna Health & Life Ins. Co.*, 673 F. Supp. 2d 1180, 1191 (D. Nev. 2009). Therefore the plaintiff's fifth claim is dismissed with prejudice, as the absence of a cause of action cannot be cured through amendment.

Furthermore, violations of NRS 686A.310, upon which the plaintiff relies, do not support a theory of negligence or negligence per se, as this provision establishes its own cause of action and penalties. *Montes v. Bank of Am. NA*, no. 2:13-CV-00660-RCJ, 2014 WL 1494234, at *9 (D. Nev. Apr. 15, 2014); *see Yusko v. Horace Mann Servs. Corp.*, no. 2:11–CV–00278–RLH, 2012 WL 458471, at *3 (D. Nev. Feb. 10, 2012) (citing *Boales v. Brighton Builders, Inc.*, 29 S.W.3d 159, 166 (Tex. Ct. App. 2000) (explaining that where a comprehensive statutory scheme establishes its own penalties, it does not support a theory of negligence per se); *Sharp Plumbing, Inc. v. Nat'l Fire & Marine Ins. Co.*, no. 2:09–CV–00783–GMN, 2013 WL 6858895, at *13, n.5 (D. Nev. Dec. 27, 2013) ("The common law cause of action for negligence, including negligence per se, is not a recognized cause of action for violations of section 686A.310 of Nevada Revised Statutes.") (citing *Albert H. Wohlers & Co. v. Bartgis*, 969 P.2d 949, 960–61 (Nev. 1998) (per curiam) (analyzing NRS 686A.310 as an independent statutory cause of action)). Therefore the plaintiff's fourth claim is dismissed with prejudice as the facts alleged by the plaintiff do not support a cognizable negligence cause of action.

IV.    Conclusion

The plaintiff's second claim is not supported by an independent claim for relief under Nevada law, and her fourth and fifth claims do not put forth a cognizable claim for negligence. Therefore claims two, four, and five are dismissed.

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the defendant's motion to dismiss, (doc. # 4), be, and the same hereby is, GRANTED.

DATED June 27, 2014.

_____
**UNITED STATES DISTRICT JUDGE**